IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEVERAGE SQUARE 67, LP** | § | |
| *Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 3:24-cv-2302 |
| **COVINGTON SPECIALTY INSURANCE COMPANY,** | § § § § | |
| *Defendant.* | § | |

## COVINGTON SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Convington Specialty Insurance Company ("Covington") files this Notice of Removal pursuant to 28 U.S.C. § 1441, and in support of the Notice shows the Court as follows:

### I.   BACKGROUND

1. Plaintiff Leverage Square 67, LP ("Leverage Square" or "Plaintiff") commenced this lawsuit on July 12, 2024 by filing "Plaintiff's Original Petition and Jury Demand" in the 191st Judicial District Court of Dallas County, Texas, bearing cause number DC-24-10250 (the "State Court Action").[1]  Leverage Square's Original Petition named Covington as the sole Defendant. This Notice of Removal is timely filed within thirty days of service of the Original Petition.

### II.   BASIS FOR REMOVAL

2. Timely removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties, and the amount in controversy exceeds $75,000.  These conditions are satisfied here.

---

[1] An index of all documents is attached as Exhibit A, a copy of the docket sheet for the state court action is attached as Exhibit B, and a copy of the documents filed in the State Court Action are attached as Exhibit C-1 – C-4.

1

### III.     ARGUMENTS AND AUTHORITIES

**A.     Removal is Timely.**

3.     According to the Return of Service filed in the record of the State Court Action, Covington was served with Plaintiff's Original Petition on August 13, 2024.

4.     Covington is filing this Notice of Removal within thirty (30) days of service pursuant to 28 U.S.C. § 1446(b)(2)(B).  *See* Exhibit C-3 (Return of Service).  Thus, removal is timely.

**B.     Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

5.     Leverage Square is a citizen of Texas.  Per the State Court Action, Leverage Square is "a Limited Partnership Company" that "has its principal place of business in Dallas County, Texas."  *See* Exhibit C-1 at (Second) ¶ 1.  Per its Certificate of Formation and latest Texas Franchise Tax Public Information Report, Leverage Square's General Partner is Leverage Square 67 GP, LLC.  *See* Exhibit D.  These records indicate that Peyman Etebari is Leverage Square's "President").  No other partners of Leverage Square are identified in these documents.  *See id.*  Leverage Square 67 GP, LLC is a Texas limited liability company with its principal of business in Dallas, Texas.  *See* Exhibit E.  Neither the Certificate of Formation nor the latest Texas Franchise Tax Information Report identify the members of Leverage Square 67, GP, LLC.  *See id.*  Leverage Square 67 GP, LLC is manager-managed, and its manager is Peyman Etebari, a natural person domiciled in Collin County, Texas and, therefore, a citizen of Texas.  *See id.*  Mr. Etebari is the registered agent for both Leverage Square and Leverage Square 67, GP, LLC and, upon information and belief is a member of Leverage Square 67 GP, LLC. *See* Exhibit F (Registered Agent Address and Information).  Leverage Square has not pled any other facts regarding his residency, intent to leave the State of Texas, or citizenship.  Leverage Square has not pled any other salient facts regarding the citizenship of Leverage Square or its partners, nor

do the publicly-available public records provide significant additional information. Upon information and belief, all partners of Leverage Square, and all members of such partners, are ultimately citizens of the State of Texas and none are also citizens of Georgia or New Hampshire.

6. Covington is a foreign insurance company organized under the laws of the State of New Hampshire with its principal place of business in the State of Georgia. Accordingly, Covington is a citizen of New Hampshire and Georgia for purposes of diversity jurisdiction.

7. Since Leverage Square is a citizen of the State of Texas and Covington is a citizen of the States of New Hampshire and Georgia, complete diversity of citizenship exists.

**C.    Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000**

8. Leverage asserts it seeks monetary relief over $250,000, which is an amount in excess of $75,000. *See* Exhibit C-1 at (First) ¶ 1. Therefore, the jurisdictional threshold is met.

**D.    All Jurisdictional Requirements for Removal are Met.**

9. Because Covington's Notice of Removal is timely, the parties are completely diverse, and the amount in controversy exceeds $75,000, this Court has jurisdiction.

### III.    CONCLUSION

10. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of Harris County, Texas promptly after the filing of this Notice.

11. As required by Local Rule 81.1, a copy of the following, if any, in the State Court Action, are attached to this Notice or are otherwise being submitted herewith:

(1) A completed civil coverage sheet;

(2) A supplemental civil cover sheet;

(3) Covington and its counsel are unaware of the existence of a "related case", as defined by Local Rule 3.3;

(4) Notice of Removal with a copy of the following attachments:

3

    (A)    An index of all documents clearly identifying each document and indicating the date the document was filed in state court (Exhibit A);

    (B)    A copy of the docket sheet in the state court action (Exhibit B);

    (C)    Each document filed in the state court action, except discovery material (Exhibits C-1 – C-4);

    (D)    A separately signed Certificate of Interested Persons

(5) Also attached, although not required, is Leverage Square's latest Texas Franchise Tax Public Information Report and Certificate of Formation (Exhibit D);

(6) Also attached, although not required, is Leverage Square 67 GP, LLC's latest Texas Franchise Tax Public Information Report and Certificate of Formation (Exhibit E); and

(7) Also attached, although not required, is the registered agent information for Leverage Square and Leverage Square 67 GP, LLC (Exhibit F).

12. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Covington Specialty Insurance Company, pursuant to and in conformance with the requirements of 28 U.S.C. §§ 1332, 1441, and 1446, and in accordance with this Court's Local Rules, removes the case styled *Leverage Square 67, LP v. Covington Specialty Insurance Company*, Cause No. DC-24-10250 from the 191st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and asks that this Court to enter any orders as may be necessary and appropriate.

Respectfully submitted,

**SHACKELFORD, MCKINLEY & NORTON, LLP**

By: */s/ Jay W. Brown*
    **Jay W. Brown**
    Texas Bar No. 03138830
    jbrown@shackelford.law
    **Stephanie Villagomez Lemoine**
    Texas Bar No. 24053028
    slemoine@shackelford.law
    **Gisela A. Aguilar**
    Texas Bar No. 24132153
    gaguilar@shackelford.law
    717 Texas Avenue, 27th Floor
    Houston, Texas 77002
    Phone: (832) 415-1801
    Fax: (832) 415-1095

    **Lucas Peterson**
    Texas Bar No. 24121468
    lpeterson@shackelford.law
    9201 N. Central Expressway, Fourth Floor
    Dallas, Texas 75231
    Phone: (214) 780-1383
    Fax: (214) 780-1401

**ATTORNEYS FOR COVINGTON SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record in this lawsuit, in accordance with the Texas Rules of Civil Procedure on the 10th day of September, 2024.

    */s/ Jay W. Brown*
    Jay W. Brown